| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| LACIE DEVINE, #21303-078 | § | |
| | § | |
| *verses* | § | CIVIL ACTION NO. 4:15CV075 |
| | § | CRIMINAL ACTION NO. 4:13CR154(1) |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation (#17), which contains proposed findings of fact and recommendations for the disposition of Movant's § 2255 motion (#1). Movant filed timely objections. In her objections, Movant argues the Report and Recommendation failed to cite the evidence, which was "clear and con[c]i[s]e and was easily confirmed if the government had reviewed it." *See* #19 at 1. Movant alleges the evidence "backs up all the claims by the Movant and was gathered by an outside investigator." *Id.* Predominately, Movant appears to take issue with the sufficiency of the evidence against her, arguing the Government failed to prove her guilt beyond a reasonable doubt, and the amount of loss attributed to Movant at sentencing. *See generally id.* at 3-5.

After a *de novo* review of the record and considering the Report and Recommendation and the Movant's objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. In her objections, Movant states she, "is not second guessing counsel's performance yet, she is providing new evidence that if present during her pre-trial would have shown her case in a different light and that Movant was incorrectly sentenced." #19 at 2. Movant fails to show the evidence presented was not available during these proceedings, and her statement contradicts her allegations against

her trial counsel. Moreover, the Government has no obligation to prove a defendant's guilt beyond a reasonable doubt after a defendant enters a guilty plea, of which Movant was admonished, and Movant stated she understood this admonishment during her change of plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (stating that solemn declarations in open court carry a strong presumption of veracity); CR Dkt. #55 at 8-10. Finally, despite her conclusory allegations, Movant fails to show how the record she presents proves her claims.

It is accordingly **ORDERED** Movant's motion to vacate, set aside, or correct sentence (#1) is **DENIED** and the case **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 12th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE